UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                          6:14-mj-01387-TBS

HARMETT SINGH

_____

ORDER

This case comes before the Court on the Government's Unopposed Motion for

Determination that the "Ends of Justice" Warrant a Tolling of the Speedy Indictment

Deadline for Defendant Harmett Singh (Doc. 10).  The Government is asking the Court

to toll the speedy indictment clock, 18 U.S.C. § 3161(b), from August 22, 2014 through

September 26, 2014, to give the parties the opportunity to continue their negotiations to

resolve this case.  Counsel for the Government represents that Defendant (who is not in

custody in this case), joins in the Government's request.

Title 18 U.S.C. § 3161(h)(7)(A) provides that the Court can grant a continuance

of the deadline for charging a person by information or indictment if the Court finds "that

the ends of justice served by taking such action outweigh the best interest of the public

and the defendant in a speedy trial."  Id.  The statute requires the Court to consider the

following four non-exclusive factors in determining whether to grant a continuance:

> (i) Whether the failure to grant such a continuance in the
> proceeding would be likely to make a continuation of such
> proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the
> number of defendants, the nature of the prosecution, or the
> existence of novel questions of fact or law, that it is unreasonable
> to expect adequate preparation for pretrial proceedings or for the
> trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court has considered each of these factors and finds that none of them apply.  The Government argues that granting its motion will serve the "ends of justice" because the additional time to negotiate "will afford the parties greater opportunity to reach a mutually agreeable resolution of this case."  (Doc. 10 at 3).  It also argues that granting the motion will serve the public interest because, if the parties reach an agreement, it will preserve prosecutorial resources, avoid the necessity of a trial, and "preserve finite judicial and public resources."  (Id.).

The Government cites United States v. Fields, 39 F.3d 439, 445 (10th Cir. 1994), in which the court dealt with an "ends of justice" continuance to permit plea negotiations:

Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an "ends of justice" continuance may not be granted for this purpose. Instead, the statutory language refers broadly to "[a]ny period of delay resulting from a continuance granted" to serve "the ends of justice."  18 U.S.C. § 3161(h)(8)(A).  In current federal practice, plea negotiations play a vital role.  We therefore see no reason why an "ends of justice" continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.  See United States v. Williams, 12 F.3d 452, 460 (5th Cir.1994). Cf. United States v. Montoya, 827 F.2d 143, 150 (7th Cir.1987) (delay caused by plea bargaining excluded under 18 U.S.C. § 3161(h)(1)(D)).  (Footnotes

omitted).

The Court is persuaded by the Government's arguments and the reasoning in

Fields.  For these reasons, the Government's motion is GRANTED, and the deadline for

the filing of an information or indictment against Defendant is EXTENDED through

September 26, 2014.

ORDERED in Orlando, Florida on this 13th day of August, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Defendant